### *IN RE ASSIGNMENT OF WILSON'S SONS & CO.

MORTGAGEES TO COME IN WITH GENERAL CREDITORS, WHEN.

When a person receives a chattel mortgage with full knowledge of a prior mortgage, and such mortgages are duly filed with the county recorder, but are afterwards rendered void as to the assignee and creditors for failure of renewal: *Held*, that neither of the mortgagees took anything whatever from the estate by virtue of their mortgage. But each of them, as a general creditor, had a vested claim against the assignors, and as such, was entitled to a dividend on his claim.

APPEAL from the Court of Common Pleas of Hamilton county.

Edward Besuden held two chattel mortgages, aggregating $30,000, on the assigned plant. A subsequent chattel mortgage for $25,000, upon the same property, was executed to Henry Besuden, he having full knowledge of the prior mortgages. These several mortgages were all duly filed with the county recorder, but were all rendered void by failure to file them in Millcreek township where one of the partners of P. Wilson's Sons & Company resided. The order of the common pleas was, that Henry Besuden be paid part of the fund arising from the sale of the plant, as a general creditor.

SMITH, J.

We are of the opinion that the judgment of the court of common pleas in this case should be affirmed. If the chattel mortgage of Henry Besuden, which was taken out after those of Edward Besuden, and with actual knowledge and notice thereof, had been a valid one against the assignee and creditors of Wilson's Sons & Company, and he had therefore a valid lien on the property assigned, and was entitled to have it paid in whole or in part from the estate, then Edward Besuden, whose mortgages as against Henry Besuden were good, under the adjudications of our court, would have been entitled to receive from the amount payable to Henry Besuden a sum sufficient to pay his mortgage claim, is there was enough to do this, though as to the assignee and the creditorf the mortgages of Edward Besuden were utterly invalid. But in this case, not only were the mortgages of Edward Besuden void as to the as-

signee and creditors, but the same was the case as to that of Henry Besuden, the provisions of the statutes as to their filing not having been complied with. Neither of them, therefore, took anything whatever from the estate by virtue of the mortgage or mortgages held by him, and the principle referred to has therefore no application whatever to this case. But each of them, as a general creditor, had a vested claim against the assignors, and as such, was entitled to a dividend on his claim. But it seems to us that neither the law, justice or equity would allow Edward Besuden, under the circumstances of this case, as is claimed for him to take the dividend that would otherwise be payable to Henry Besuden as a general creditor, on his claim against the estate.

*Rogers & Wright*, for Plaintiff in Error.
*Roelker & Jelke*, contra.